Michael B. McCauley
PALMER BIEZUP & HENDERSON LLP
330 Market Street
Camden, NJ 08102
(856) 428-7717
mccauley@pbh.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HARRIER SHIPPING LLC | : | |
| c/o Eagle Shipping International USA LLC | : | |
| 477 Madison Avenue, Suite 1405 | : | Civil Action No. _____ |
| New York, NY 10022 | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS S. BRANIN | : | |
| 417 E. Atlantic Boulevard | : | **COMPLAINT** |
| Ocean City, NJ 08226 | : | |
| | : | |
| -------------------------------------------------------- | | |

Harrier Shipping LLC, for itself and on behalf of interested subrogated insurers, brings this complaint against Thomas S. Branin and avers as follows:

**JURISDICTION AND VENUE**

1.  This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1333(1).

3.  Venue lies in this district because the casualty giving rise to the claim occurred in this district, namely in the Delaware River off Delanco, Burlington County, New Jersey, and because the defendant is a domiciliary of the State of New Jersey.

1

## PARTIES

4. Harrier Shipping LLC is a limited liability company duly organized and existing under the laws of the Republic of the Marshall Islands and was at all relevant times the registered owner of the bulk carrier M/V HARRIER.

5. Thomas S. Branin is a licensed first-class pilot and member of the Pilots' Association for the Bay & River Delaware, and resides in the State of New Jersey.

## FACTUAL BACKGROUND

6. The M/V HARRIER is a 27,986 gross-ton geared single-deck bulk carrier built in 2001.

7. The M/V HARRIER is registered in Majuro, Republic of the Marshall Islands, and has a length overall of 189.8 meters and a breadth of 32.36 meters.

8. In October 2011, the M/V HARRIER loaded a cargo of cement at Dong Hae, South Korea, bound for Bristol, Pennsylvania.

9. The M/V HARRIER arrived at the entrance to the Delaware Bay at about 2300 local time on November 21, 2011.

10. For the transit from the entrance to the Delaware Bay to Bristol, the M/V HARRIER was required by law to engage the services of a compulsory pilot.

11. During compulsory pilotage, the pilot directs the navigation of the vessel.

12. Pilot Joseph Lopez boarded the M/V HARRIER at the entrance to the Delaware Bay early in the morning of November 22, 2011.

13. When the M/V HARRIER reached the waters off Philadelphia, a change of pilots occurred at about 0900, and Pilot Branin assumed the pilotage duties from Pilot Lopez.

14. After Pilot Branin assumed the pilotage duties, he provided the steering and engine orders and otherwise directed the navigation of the M/V HARRIER.

15. During the transit from Philadelphia to Bristol, the M/V HARRIER proceeded upriver under the direction of Pilot Branin.

16. After the M/V HARRIER had commenced turning from Mud Island Range onto Enterprise Range, she crossed outside the eastern boundary of the navigation channel and struck bottom.

17. As a result of the foregoing grounding, the vessel suffered extensive hull damage along the turn of the bilge on her starboard side.

18. The direct and proximate cause of the casualty was Pilot Branin's failure—when executing the turn from Mud Island Range onto Enterprise Range—to keep the vessel within the confines of the navigation channel.

19. The vessel continued her upriver transit and arrived at Bristol at about 1130.

20. Soundings of the vessel's tanks were taken, and it was discovered that the vessel's hull had been breached.

21. Following the discovery of the hull breach, internal and underwater inspections were conducted, repair specifications were developed, and temporary repairs were made. Permanent repairs were completed in due course.

22. The grounding outside the navigation channel caused substantial physical damage to the vessel and caused Plaintiff to incur extensive economic losses totaling not less than $1,596,616.37 as close as may now be ascertained.

## COUNT I

### Negligence

23. Plaintiff incorporates by reference each and every averment set forth in paragraphs 1 through 22 above.

24. A compulsory pilot is charged with a high degree of competency and skill, consistent with the purpose of his being aboard the vessel—namely, to provide expertise in shiphandling and local knowledge of the particular waters for which he is licensed.

25. When a vessel runs aground or strikes an object or obstruction while under the direction of a compulsory pilot, there is a presumption that the pilot was negligent.

26. Pilot Branin failed to exercise the high degree of care and competence required of a pilot, his negligence caused the M/V HARRIER to ground outside the navigation channel, and he is therefore liable for the resulting losses and damages which amount to no less than $1,596,616.37.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Thomas S. Branin in an amount no less than $1,596,616.37, plus costs, interest, and attorneys' fees, and that Plaintiff have such further relief as may be appropriate.

## COUNT II

### Breach of Warranty of Workmanlike Performance

27. Plaintiff incorporates by reference each and every averment set forth in paragraphs 1 through 26 above.

28. Harrier Shipping LLC was required by law to engage the services of Pilot Branin.

29.     Pilot Branin was engaged by Harrier Shipping LLC to provide compulsory pilotage services.

30.     Pilot Branin owed a warranty of workmanlike performance in rendering pilotage services.

31.     Pilot Branin beached his warranty of workmanlike performance when he caused the M/V HARRIER, while under his direction, to cross out of the navigation channel and sustain damage.

32.     Pilot Branin's breach of this warranty of workmanlike performance caused Plaintiff to incur losses and damages which amount to no less than $1,596,616.37.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Thomas S. Branin in an amount no less than $1,596,616.37, plus costs, interest, and attorneys' fees, and that Plaintiff have such further relief as may be appropriate.

                                                Respectfully submitted,

                                                PALMER BIEZUP & HENDERSON LLP

Date: November 20, 2013        By:   /s/ Michael B. McCauley
                                                  Michael B. McCauley

## L. Civ. R. 11.2 CERTIFICATION

I am lead counsel for Plaintiff and certify that, to the best of my information and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

PALMER BIEZUP & HENDERSON LLP

Date: November 20, 2013        By:  /s/ Michael B. McCauley
                                                      Michael B. McCauley